## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **LORI BALDWIN**, on behalf of herself and all other similarly situated individuals, ) | CASE NO. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| vs. ) | **CLASS AND COLLECTIVE ACTION** |
| ) | **COMPLAINT** |
| **SNAP-ON BUSINESS SOLUTIONS INC.,** ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |
| ) | |

Plaintiff Lori Baldwin, by and through counsel, for her Complaint against Snap-On Business Solutions Inc. ("Defendant"), and based on personal knowledge of her own conduct and upon information and belief as to the conduct and acts of others, states and alleges the following:

### INTRODUCTION

1) This case challenges company-wide policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and concerns the underpayment of overtime to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" on behalf of herself and other similarly situated employees who may join this case pursuant to 29 U.S.C. §216(b) (the "Opt-Ins").

3) Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed by Defendant Ohio within the two years preceding the filing of this Action.

4) Plaintiff further brings an individual claim for violation of § 4111.14(G) and the Ohio Constitution, Ohio Const. art. II, § 34a.

1

## JURISDICTION AND VENUE

5)      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 and 29 U.S.C. § 216(b).

6)      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7)      The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to

28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same

case or controversy.

## PARTIES

8)      Plaintiff Lori Baldwin is an adult individual residing in Portage County, Ohio.

9)      At all relevant times, Plaintiff and those similarly situated were employees within

the meaning of the FLSA and the OMFWSA.

10)      Defendant is a for-profit Ohio corporation that is registered to conduct business in

Ohio. Defendant can be served through its Statutory Agent, CT Corporation System at 4400 Easton

Commons Way, Suite 125, Columbus OH 43219.

11)      At all relevant times, Defendant conducted business in this Summit County, Ohio.

12)      At all relevant times, Defendant was an employer within the meaning of the FLSA

and the OMFWSA.

13)      At all relevant times, Defendant was an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14)      At all relevant times, Plaintiff and those similarly situated were employees engaged

in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-

207.

15)     Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

**FACTUAL ALLEGATIONS**

16)     Defendant has locations in Wisconsin, Ohio and Michigan; as well as locations outside of the United States.

17)     Defendant employed Plaintiff and others similarly situated as non-exempt call-center employees.

18)     Plaintiff was employed by Defendant in Defendant's Business Solutions Department at its Richfield, Ohio location for over 20 years, from approximately September 1995 to approximately January 24, 2018 as a Support Specialist II.

19)     The Business Solutions Department is one of several different departments of Defendant's in which approximately 30 similarly situated employees worked during the relevant period.

20)     Plaintiff estimates approximately 300 to 400 similarly situated employees across all departments.

**Unpaid Pre- and Post-shift Off-the-Clock Work, Resulting in Unpaid Overtime**

21)     Plaintiff and those similarly situated were required to clock in at the start of each scheduled shift and clock out at the end of each scheduled shift using Defendant's time clock software.

22)     Plaintiffs and others similarly situated were required to take their work laptops home after each shift and bring the laptops with them to work.

23)     Before the start of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities for which they were not compensated.

24)     Similarly, after the conclusion of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities for which they were not compensated.

25)     These activities were integral, intrinsic, and indispensable parts of the principal activities of Plaintiffs and others similarly situated, were required by Defendant, and were performed for Defendant's benefit.

26)     Preceding their scheduled shift, Plaintiff and others similarly situated were required to plug the laptop into the docking station, power it on, let it boot up, start approximately 10 different programs, and once open, clock in with Defendant's time clock software. Once clocked in, Plaintiff and others similarly situated would then hit "auto-in" on their phones so they were able to accept calls.

27)     If Plaintiff or others similarly situated employees were "autoed-in" by the scheduled start time, they would be penalized via Defendant's point system.

28)     This pre-shift work was unpaid and took approximately 15-20 minutes, which is more than *de minimis*.

29)     At shift's end, Plaintiff and others similarly situated were required to perform the reverse steps, including closing down the approximate 10 programs and clocking out, then shutting down the computer and disconnecting it from the docking station.

30)     Additional unpaid post-shift work included instances when Microsoft ran an automatic update, at which time Plaintiff and similarly situated employees would need to wait for the updates to run and install before they could shut down and disconnect the laptop from the docking station.

31)     This post-shift work was unpaid and took approximately 5 to 10 minutes, which is more than *de minimis*.

32)     Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

33)     Defendant's failure to pay Plaintiff and those similarly situated for the activities described herein resulted in Plaintiff and those similarly situated being denied overtime compensation.

34)     Defendant required Plaintiff and others similarly situated to use a phone app, separate from the time clock software, to log the time of arrival and departure. Accordingly, determining the amount of unpaid time alleged herein is feasible and will not be overly burdensome to Defendant.

**Defendant Failed to Produce Documents in Accordance With**
**O.R.C. § 4111.14(G) and the Ohio Const. art. II, § 34a**

35)     Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. art. II, § 34a, on November 9, 2018, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendant via regular U.S. mail.

36)     Plaintiff included a properly executed release with her request.

37)     Defendant produced some records, but produced compensation records only for 2007 through 2009.

38)     Subsequently, two follow-up emails were sent to Defendant's corporate counsel on December 18th and 26th of 2018, notifying Defendant of the deficient production and requesting production of compensation documents for 2016 through Plaintiff's date last worked.

39)     Defendant's corporate counsel's email had been verified as valid per prior email correspondences.

40)     As of this filing, no response has been forthcoming.

41)     Accordingly, more than thirty (30) business days have passed since Plaintiff's November 9, 2018 document request, in violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

42)     Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of collective of other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

43)     The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current call center employees employed by Defendant who performed off-the-clock pre- and/or post-shift work within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Collective").**

44)     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

45)     The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this

action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

46)     Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio within the last two years defined as:

> **All former and current call center employees employed by Defendant in Ohio who performed off-the-clock pre- and/or post-shift work within two (2) years preceding the date of filing of this Complaint through the final disposition of this matter (the "Ohio Class").**

47)     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief avers that it consists of at least 30 employees during the relevant period.

48)     There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for their pre- and/or post-shift activities and whether this practice resulted in the underpayment of overtime.

49)     Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

50)     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class listed above are common to the class as a whole and predominate over any questions affecting only individual class members.

51)     Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(Overtime Violations – FLSA OTC Class)**

52)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53)     The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

54)     Defendant violated the FLSA by having a company-wide policy requiring Plaintiff and those similarly situated to preform off-the-clock pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly situated.

55)     Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

56)     Defendant's company-wide practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201 *et seq*, 29 C.F.R. § 785.24.

57)     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, 29 C.F.R. § 516.2(a)(7).

58)     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

59)     As a result of Defendant's practices and policies, Plaintiff and the FLSA Collective members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – Ohio Class)

60)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61)     Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. §§ 207, 213, as amended. O.R.C. § 4111.03(A).

62)     Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly situated to preform off-the-clock pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly situated.

63)     Defendant further violated Ohio law with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

64)     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

9

65) Additionally, such unpaid overtime compensation remains unpaid in violation of O.R.C. §4113.15.

66) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

67) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

68) As a result of Defendant's practices, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

**COUNT THREE**
**(Individual Claim - Violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a)**

69) On November 9, 2018, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendant via regular U.S. mail. Plaintiff included a properly execute release with her request.

70) At all times relevant to this Complaint, Defendant was Plaintiff's "employer" as it is defined in O.R.C. § 4111.14 and Ohio Const. art. II, § 34a.

71) As Plaintiff's employer, Defendant was required to maintain records relating to Plaintiff's employment in accordance with Ohio law.

72) Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

10

73)     Counsel for Plaintiff made such a request upon Defendant and followed up twice, but compensation documents for 2016 through the last day of Plaintiff's employment have not been produced as of this filing.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A.     Conditionally certifies this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the FLSA Collective; and directs that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B.     Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C.     Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class actual damages for unpaid wages;

D.     Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.     Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

F.     Direct Defendant to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), or the Ohio Class;

G.       Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and

the Ohio Class attorneys' fees, costs, and disbursements; and

H.       Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and

the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:    (614) 824-5770
Facsimile:    (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:    (330) 754-1430
Email: hans@ohlaborlaw.com
           sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

12