# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LORI BALDWIN, on behalf of herself and others similarly situated, | ) ) ) CASE NO. 5:19-cv-0036 |
| PLAINTIFF, | ) ) ) JUDGE SARA LIOI |
| vs. | ) ) ) **FINAL ORDER APPROVING RULE 23** |
| SNAP-ON BUSINESS SOLUTIONS INC., | ) **CLASS ACTION SETTLEMENT** |
| DEFENDANT. | ) ) ) ) |

Plaintiff Lori Baldwin ("Representative Plaintiff"), on behalf of herself and the class members, and defendant Snap-on Business Solutions Inc. ("Snap-On" or "defendant"),[1] have moved the Court to enter a final order approving the class action settlement pursuant to Fed. R. Civ. P. 23(e), as fair, reasonable, and adequate. In addition, the parties request that the Court enter final judgment on both the Court's previous order granting final approval of the Fair Labor Standards Act ("FLSA") portion of the settlement (Doc. No. 24), as well as entry of a final judgment on the Ohio Rule 23 portion of the class settlement for which final approval is now being requested.

Having conducted a fairness hearing on May 14, 2020, and having reviewed the settlement agreement (Doc. No. 23-1), as well as the parties' joint motion for final approval of the Rule 23 class action settlement ("Joint Motion for Approval") (Doc. No. 27), the declaration of the settlement administrator, Kristie Smith, appended thereto (Doc. No. 27-2), and the pleadings and

---

[1] For the purposes of settlement, "defendant" also includes non-party IDSC Holdings, LLC, as outlined in the parties' settlement agreement.

- 2 -

papers on file in this action, and for good cause established therein, the Court enters this final order ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the settlement agreement.

2. On January 7, 2019, the Representative Plaintiff filed this action, alleging that Snap-On violated the FLSA and the Ohio overtime statute by failing to pay Representative Plaintiff, and other similarly situated employees, all of their overtime compensation resulting from time spent booting up, shutting down, loading various programs, and docking and undocking their computers. (Doc. No. 1.)

3. On March 26, 2019, Snap-On filed its answer to the complaint, in which Snap-On denied, and continues to deny, that it violated any federal or state law. (Doc. No. 11.)

4. The parties engaged in early settlement discussions and reached settlement (*see* Doc. No. 21), the terms of which are reflected in the settlement agreement that was attached to their joint motion for FLSA settlement approval and for preliminary approval of class settlement (Doc. No. 23).

5. On February 18, 2020, the Court approved the FLSA settlement and entered a preliminary order provisionally certifying the class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the settlement agreement pursuant to Rule 23(e), and approving the form, content, and method of distribution of notices to class members of the pendency of this action, the proposed settlement, and the date of the fairness hearing ("Class Notice"). The Court provisionally approved Representative Plaintiff Lori Baldwin as class representative, her service award, appointed Hans A. Nilges, Shannon M. Draher, and Robi J. Baishnab of Nilges Draher LLC as class counsel, and provisionally approved the payment of attorneys' fees. (Doc. No. 24.)

- 3 -

6. The parties' motion for final approval of the Ohio Rule 23 class settlement was filed on May 14, 2020. (Doc. No. 27.) Appended thereto, was the declaration of the Snap-On settlement administrator, Kristie Smith, verifying that class notices were distributed to the members of the Ohio Rule 23 class in the form and manner approved by the Court. (Doc. No. 27-2.) The Court finds that the Class Notice provided members of the Ohio Rule 23 class adequate notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the Class Notice was reasonable and the best notice practicable and satisfied all of the requirements of Rule 23 and due process.

7. The Fairness Hearing on the Ohio Rule 23 class was convened as noticed on May 14, 2020. Class members and the public were afforded an opportunity to attend the hearing telephonically.[2] (*See* non-document order dated May 1, 2020.) The hearing was attended by Representative Plaintiff, counsel for both parties, and Snap-On representatives. There were no objections to the proposed settlement.

8. With regard to Representative Plaintiff and the Ohio Rule 23 class, the Court finds that the settlement satisfies the standard for final approval of a class action settlement under Rule 23. The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the Ohio Rule 23 class in that she is a member of the class and possesses the same interests and suffered the same injuries as the other class members. The class encompasses persons with like factual circumstances and

---

[2] Due to the COVID-19 global pandemic, at the request of the parties and in order not to delay resolution of the case, the fairness hearing was conducted by video and telephone conference. (*See* Doc. No. 25.)

identical legal claims. The settlement payments made available to the members of the Ohio Rule 23 class are commensurate with their alleged claims. (*See* Doc. No. 23-1 at 135.[3])

9. The settlement agreement proposes to settle claims of the Representative Plaintiff and the Ohio Rule 23 class members. (*See* Doc. No. 23-1.) The Ohio Rule 23 class action settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e). The Court may approve the settlement upon a finding that it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). Here, the settlement is fair, reasonable and adequate because the Representative Plaintiff and class counsel have adequately represented the class, the settlement was negotiated at arm's length, and the relief provided for the class is adequate.

10. The settlement, in the aggregate amount of $126,635.74, inclusive of a service payment, attorneys' fees, and costs, was reached after extensive arm's length negotiations. (Doc. No. 23-4 ¶ 10.) Given the factual and legal complexity of the case, there is no guarantee that Representative Plaintiff and the class would have prevailed at trial. Indeed, the parties disagreed, and continue to disagree, as to the accurate boot-up and shut-down times but have come to a fair and reasonable agreement to resolve this matter, and settlement ensures that the class members will receive adequate compensation for their time engaged in alleged off-the-clock work, without the risk associated with continued litigation. Further, the parties engaged in fairly substantial discovery prior to reaching a settlement. (Doc. No. 23-4 ¶¶ 11, 14.) The Court finds that the discovery conducted was sufficient to ensure that the parties and counsel were informed of the facts and matters at issue in this case before reaching a settlement. At the fairness hearing, though the issues in this case remain contested, counsel for both parties voiced their support of the settlement as fair and reasonable and agreed it is in the best interest of the class as a whole. Such

---

[3] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

- 5 -

support is warranted because the settlement represents an average of approximately 103% of unpaid overtime. (*Id.* ¶ 18.) Further, of the 75 class members, only one member opted-out (*see* Doc. No. 26), and no class members objected to the settlement agreement. Finally, there is a strong public policy interest in encouraging settlement of complex litigation. Here, given the relatively modest payments to each class member (*see* Doc. No. 23-1 at 135), it is unlikely that individual class members would have been incentivized to pursue their claims against Snap-On individually. Because there is a strong public interest in adequately compensating employees for all hours worked, including overtime hours, settlement is appropriate in this case. After considering all the relevant factors, the Court approves the settlement agreement as fair, reasonable, and adequate, and orders that it be implemented according to its terms and conditions and as directed herein.

11. The Court also approves the method of calculation and proposed distribution of settlement payments. The total settlement payment, after deduction of the service award to Representative Plaintiff, attorneys' fees, and litigation reimbursements to plaintiff's counsel, is to be distributed to the Representative Plaintiff and members of the class, which are calculated proportionally on each class member's overtime damages. (Doc. Nos. 23 at 109, 23-1 at 135, 23-4 ¶ 18.) The parties have submitted the proposed schedule of class payments to the Court for approval. (Doc. No. 23-1 at 135.) The Court approves the class payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the settlement agreement.

12. The Court approves a $2,000.00 service award to Representative Plaintiff in recognition of her service in this action. Representative Plaintiff "contributed significant time, effort, and detailed factual information enabling [p]laintiff's [c]ounsel to evaluate the strength of her case and allow the [p]arties to successfully resolve this matter." (Doc. No. 23-4 ¶ 20.) The

Court also notes that Representative Plaintiff attended and participated in the May 14, 2020 fairness hearing. The Court approves the service award to Representative Plaintiff in recognition of her service in this action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the settlement agreement.

13. The Court also approves the payment of reasonable attorneys' fees and costs ($42,211.91 and $5,921.12, respectively) as provided in the settlement agreement. The settlement agreement provides attorneys' fees totaling "one-third … of the [s]ettlement [a]mount." (Doc. No. 23-1 at 125.) District courts within the Sixth Circuit have the discretion to select one of two methods for calculating an award of attorneys' fees in a common fund case—by using either a percentage of the fund calculation or a lodestar multiplier. *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 516–17 (6th Cir. 1993). Here, the percentage of common funds approach is appropriate in light of the exceptional result obtained for the class. The individual payments to participants represent 103% of claimed unpaid wages. (Doc. No. 27 at 169 n.10.) In addition, class members with zero damages, or damages less than $20, were allocated funds for minimum $20 payments. (*Id.*) Such an allocation is commendable, and society has an interest in rewarding attorneys who achieve such remarkable benefits for their clients. Finally, the contingent nature of the fee agreement also meant that counsel bore the risk of receiving no fee in the event that class members received unfavorable result at trial. Having considered all of the circumstances surrounding the attorneys' fees award, the Court finds that it is fair and reasonable. The Court, therefore, approves the payment of attorneys' fees and the reimbursement of expenses to class counsel in the amount set forth in the settlement agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth therein.

- 7 -

14. Representative Plaintiff and the members of the both the FLSA and the Ohio Rule 23 classes release claims against Snap-On as provided in the settlement agreement.

15. The Court dismisses this action with prejudice.

16. The parties are to bear their respective attorneys' fees and costs except as provided in the settlement agreement.

17. The Court retains jurisdiction over this action for the purpose of enforcing the settlement agreement.

18. There being no just reason to delay entry of this final order, the Court orders the Clerk of Courts to enter this final order immediately, along with entry of judgment thereon.

IT IS SO ORDERED this 20 day of May 2020.

_____
Honorable Sara Lioi
United States District Court Judge